UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT RUGGLES,

    Plaintiff,

v.                                      Case No: 2:14-cv-9-FtM-29CM

STATE OF FLORIDA DEPARTMENT
OF CHILDREN AND FAMILIES,
MARLA TIMMONS, individually,
and JACQUI MCMILLER,
individually,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant Florida Department of Children and Families' Motion to Dismiss (Doc. #3) and defendant Marla Timmons and Jacqui McMiller's Motion to Dismiss (Doc. #4)[1] filed on January 9, 2014. Plaintiff filed a Response in Opposition (Docs. ## 6-7) to all three motions to dismiss on January 23, 2014. Plaintiff also moved to amend the Complaint to correct a Scrivener's error. (Doc. #6, p. 6.)

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[1] Two separate motions to dismiss were originally filed in state court and docketed together upon removal as one document.

The Complaint in this case incorporates by reference all of the allegations from each Count into each subsequent count. (Doc. #2, ¶¶ 33, 38, 44, 50, 60.) "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008)(collecting cases). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial. Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001); Paylor v. Hartford Fire Ins. Co., No. 13-12696, 2014 WL 1363544, **7-8 (11th Cir. Apr. 8, 2014). Therefore, the Complaint will be dismissed on this basis and the motions to dismiss denied as moot.

In light of plaintiff's request to amend the Complaint, the Court will further permit plaintiff the opportunity to amend the

Complaint to correct any other pleading deficiencies deemed appropriate.

Accordingly, it is now

**ORDERED:**

1. The Complaint and Demand for Jury Trial is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

2. Defendant DCF's Motions to Dismiss (Doc. #3) is **DENIED AS MOOT**.

3. Defendants' Marla Timmons and Jacqui McMiller's Motions to Dismiss (Doc. #4) are **DENIED AS MOOT.**

**DONE AND ORDERED** at Fort Myers, Florida, this   15th   day of April, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record